UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

DIANE LYNN DAVIS,

                    Plaintiff,          Civil Action No.: 15-13260
                                      Honorable Linda V. Parker
                    v.              Magistrate Judge Elizabeth A. Stafford

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

                    Defendant.

_____/

## REPORT AND RECOMMENDATION
## ON CROSS MOTIONS FOR SUMMARY JUDGMENT [R. 14; R. 16]

      Plaintiff Diane Davis appeals a final decision of Defendant

Commissioner of Social Security ("Commissioner") denying her application

for disability insurance benefits ("DIB") under the Social Security Act (the

"Act"). Both parties have filed summary judgment motions, referred to this

Court for a Report and Recommendation pursuant to 28 U.S.C. §

636(b)(1)(B). [R. 2]. The Court finds that the administrative law judge's

("ALJ") decision is supported by substantial evidence, and thus

**RECOMMENDS** that:

•    the Commissioner's motion **[R. 16]** be **GRANTED**;

•    Davis's motion **[R. 14]** be **DENIED**; and

- the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY

Davis applied for and was granted Social Security Retirement Insurance Benefits ("RIB") and retirement benefits from General Motors in April 2006, when she was 63 years old.  [R. 10, PgID 42].  Nearly six years later, she applied for DIB benefits on April 2, 2012, alleging disability since July 1, 2006. [*Id.*, PgID 66-75]. In April 2013, an ALJ found her to be disabled from fibromyalgia, degenerative joint disease, and osteoarthritis as of her alleged onset day of July 1, 2006. [*Id.*, PgID 72, 74-75]. But Social Security regulations only entitled Davis to benefits for a one year period prior to her April 2012 application, and she had reached full retirement age in 2009, deeming her ineligible for DIB benefits arising out of her 2012 application.  20 C.F.R. § 404.621(a)(1) ("[Y]ou may receive benefits for up to 12 months immediately before the month in which your application is filed."); 20 C.F.R. § 404.315(a) ("You are entitled to disability benefits while disabled before attaining full retirement age . . . . ").  The regional service center advised the Social Security Administration ("SSA") to revisit the claim in light of these regulations. [*Id.*, PgID 64-65].

After being notified of her ineligibility for benefits, Davis requested a

2

hearing so that she could present evidence that she did not timely apply for

DIB benefits because she had been misinformed with regard to her

entitlement to them. [*Id.*, PgID 61-63].  She requested that the ALJ deem

her filing date April 11, 2006, the date on which she applied for RIB.  [*Id.*,

PgID 41, 61-63].  In a decision dated November 8, 2013, the ALJ denied

this request.  [*Id.*, PgID 41-46].  The Appeals Council denied review, and

Davis timely filed for judicial review.  [*Id.*, PgID 32-36; R. 1].

## II.   ANALYSIS

## A.

Pursuant to § 405(g), this Court's review is limited to determining

whether the Commissioner's decision is supported by substantial evidence

and was made in conformity with proper legal standards. *Gentry v. Comm'r*

*of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014). Substantial evidence is

"more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241

(6th Cir. 2007) (internal quotation marks and citation omitted). Only the

evidence in the record below may be considered when determining

whether the ALJ's decision is supported by substantial evidence. *Bass v.*

*McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

3

Davis argues that she was misinformed about her potential DIB eligibility when she applied for RIB in 2006; that the SSA failed a duty to inquire into her potential entitlement to other types of benefits in 2006; and that due process required the ALJ to produce additional documents related to this matter, which he failed to do. The Court finds that substantial evidence supports the ALJ's decision and that Davis is not entitled to an earlier deemed application date.

**B.**

As the ALJ concluded that, based on Davis's April 2012 filing date, she "had already attained full retirement age several years prior to any possible [DIB] entitlement." [R. 10, PgID 42]. The parties do not dispute this finding. Pursuant to §§ 404.621(a)(1) and 404.315(a), if Davis had filed her application for DIB at the same time that she filed for RIB, April 11, 2006, she would have been eligible to collect disability benefits from the time of her onset date (July 1, 2006) to the day she reached full retirement age (April 13, 2009).

Davis thus seeks relief under regulation 20 C.F.R. § 404.633, entitled "Deemed filing date in a case of misinformation," under which a claimant can have an earlier filing date established for an application for benefits. An earlier filing date can be "deemed" if the claimant was given

4

"misinformation about [her] eligibility for such benefits . . . which caused [her] not to file an application at that time." § 404.633(a). In order for the regulation to apply, information must be provided by an employee of the SSA that is "incorrect, misleading, or incomplete in view of the facts" provided by the claimant. § 404.633(c)(1) and (2). The misinformation "must have been provided to [the claimant] in response to a specific request by [the claimant] to [SSA] for information about [the claimant's] eligibility for benefits." § 404.633(c)(4).

Section 404.633(d) draws a distinction between "preferred evidence" and "other evidence" that will be considered in making a determination. Preferred evidence is written evidence relating directly to the claimant's inquiry regarding benefit eligibility. § 404.633(d)(1). In the absence of preferred evidence, the SSA considers other evidence, including a claimant's "statements about the alleged misinformation." § 404.633(d)(2). But the SSA will not find that misinformation was given "based solely on [the claimant's] statements." *Id.*

Davis submitted no preferred evidence. She presents only her testimony that she was unaware of the availability of DIB benefits from the SSA in July 2006, and that an SSA employee at a field office with whom she spoke never informed her that DIB benefits were available. [R. 10-6,

PgID 338-41].  Had someone from the SSA informed her in 2006 about DIB, she would have applied then.  [*Id.*, PgID 340].  Davis clarified that the representative did not provide her with misinformation, just a lack of information regarding DIB.  [*Id.*, PgID 341].  The ALJ found this testimony to be insufficient.  [R. 10, PgID 43].  The Court agrees.

In *French v. Astrue*, No. 2:12-CV-0792 CKD PS, 2013 WL 322877, at *2 (E.D. Cal. Jan. 28, 2013), the court rejected a claimant's request to have a deemed earlier filing date because she had "offered only her own statement that she was provided misinformation. This secondary evidence is uncorroborated by identification of the date of the alleged contact, the identity of the employee who allegedly provided the misinformation or other corroborating information, as required by the regulations."  *French*, 2013 WL 322877, at *2.  With the exception of Davis providing the date of her alleged interaction with the SSA, the same analysis applies here and her evidence is insufficient.  *See also Hogan v. Apfel*, No. 97-6094, 1998 WL 159042 (E.D. Pa. Mar. 19, 1998) (rejecting claim when there was no objective evidence in the record to support alleged misrepresentation).

Further, although "misinformation" can include "incomplete" information under some circumstances, it must be incomplete "in view of the facts which [the claimant] gave to the employee, or of which the

6

employee was aware or should have been aware, regarding [the claimant's] particular circumstances." § 404.633(c)(2). Davis cites no evidence that the SSA employee who took her RIB application knew or should have known that Davis may have been disabled. In fact, as the ALJ noted, a document pertaining to Davis's RIB application indicated that she was *not* "disabled in the last 14 months," and she did not apply for disability benefits from General Motors either.  [R. 10, PgID 43-44; R. 10-2, PgID 139].

Davis cites to *Costello v. Astrue*, 499 F.3d 648 (7th Cir. 2007), but that case is distinguishable.  In *Costello*, the applicant inquired as to which ex-husband she would collect the largest monthly benefit check from and was wrongly advised to seek benefits from her later ex-husband, when in fact they were not married long enough to entitle her to benefits. *Id*. The Seventh Circuit found that the SSA employee had a duty to ask "obviously relevant questions," and held that the claimant should be allowed to backdate an application based on her first ex-husband's earnings, to whom she was married long enough to qualify. *Costello*, 499 F.3d at 651-52. *Costello* is distinguishable because a person's disability status is not "obviously relevant" when she applies for RIB, and Davis's application indicated that she was not disabled within the previous 14 months.

7

**C.**

Davis argues that the SSA employee failed to follow a regulation listed in the Program Operations Manual System ("POMS") at GN 00204.022,[1] which directs SSA employees to explore "potential entitlement to types of benefits other than the one specifically covered by the title of the application filed." The ALJ correctly concluded that the POMS does not have the effect of overruling the regulations that limit a "deeming situation" to misinformation as defined in § 404.633. [R. 10, PgID 44]. Although the POMS is persuasive for interpreting the meaning of Social Security Act terms and regulations, it "does not have the force and effect of law." *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989). *See also Fisher v. Comm'r of Soc. Sec.*, No. 1:09-CV-1096, 2011 WL 926865, at *8 (W.D. Mich. Feb. 28, 2011), *report and recommendation adopted*, No. 1:09-CV-1096, 2011 WL 901968 (W.D. Mich. Mar. 15, 2011) (the POMS has "no legal force, and failure to follow the POMS is not legal error."). Davis's reliance on the POMS is without merit.

**D.**

Finally, Davis argues that she was not given a meaningful opportunity to be heard, as due process requires. *Wills v. Sec'y, Health & Human*

---

[1] Available at https://secure.ssa.gov/poms.nsf/lnx/0200204022.

*Servs.*, 802 F.2d 870 (6th Cir. 1986). She bases this argument on the ALJ's reliance on the 2006 record indicating that she had denied being disabled within the previous 14 months, and the ALJ's refusal to produce additional documentation regarding the 2006 interview between Davis and the SSA employee. [R. 10, PgID 44; R. 10-2, Tr. 138-39; R. 14, PgID 389]. But Davis cites no due process authority requiring the ALJ to, under the circumstances of this case, produce additional documentation.

As a general rule, "[t]he burden of providing a complete record, defined as evidence complete and detailed enough to enable the Secretary to make a disability determination, rests with the claimant." *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 214 (6th Cir. 1986) (citing 20 C.F.R. §§ 416.912, 416.913(d)). But "[w]here there are obvious gaps in the record, the ALJ has the duty to develop the administrative record with respect to the missing evidence." *Kendall v. Astrue*, No. CIV.A. 2:10-263-DCR, 2011 WL 4388794, at *5 (E.D. Ky. Sept. 20, 2011). Courts evaluate whether an ALJ has failed to fully develop the record on a case-by-case basis. *Umara v. Comm'r of Soc. Sec.*, No. 2:12-CV-1119, 2013 WL 6001003, at *4 (S.D. Ohio Nov. 12, 2013), *adopted by* 2014 WL 116370 (S.D. Ohio Jan. 10, 2014).  "As long as there is sufficient evidence in the record for him to make a decision regarding the claimant's disability, it is

9

within the discretion of an ALJ to close the record." *Penn v. Comm'r of Soc. Sec.*, No. 1:10CV1885, 2012 WL 646057, at *8 (N.D. Ohio Feb. 28, 2012).

The Court finds no error here. The ALJ found that "further information about the interview [was] not necessary for the adjudication of this claim" as it was "clear that the Social Security representative asked whether the claimant was disabled at or prior to the filing date." [R. 10, PgID 44]. Davis's argument that additional records may have shown otherwise amounts to pure conjecture, not an obvious gap in the records. The ALJ did not abuse his discretion by refusing to produce additional records based upon such conjecture.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Commissioner's motion **[R. 16]** be **GRANTED**; that Davis's motion **[R. 14]** be **DENIED**; and that the Commissioner's decision be **AFFIRMED**, pursuant to sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: August 10, 2016

## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation.  *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains.  Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

the same order and labeled as "Response to Objection #1," "Response to

Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page

limitation.  If the Court determines that any objections are without merit, it

may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 10, 2016.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager